UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEL MAR CLUB, INC.,

    Plaintiff,

v.                                       Case No: 2:24-cv-00948-JLB-KCD

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This is a breach of contract dispute between Plaintiff Del Mar Club Inc., ("Del Mar") and its insurance provider, Defendant Federal Insurance Company, ("Federal").[1] Defendant moves to dismiss the Complaint on the grounds that the Complaint fails to state a claim upon which relief can be granted. (Doc. 12). After careful review of the Complaint, the parties' briefing, and the entire record, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff entered into an insurance contract with Defendant to cover property consisting of condominiums and other structures owned by Plaintiff in Naples, Florida, bearing Policy number 000076440635. (Doc. 5 at ¶¶ 5–6). Within the

---

[1] This Court has subject-matter jurisdiction pursuant to 28 U.S. Code § 1332, conferring jurisdiction to district courts where the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a Florida corporation with its principal place of business in Florida. (Doc. 1 at ¶¶ 2–3). Defendant is an Indiana corporation with its principal place of business in Indiana. (*Id.* at ¶ 4). The amount in controversy exceeds $75,000. (Doc. ¶¶ 9–10).

policy period, Plaintiff's property sustained damage as a result of a power surge. (*Id.* at ¶ 7). Following the damage, Plaintiff provided Defendant a notice of loss, and both parties sent inspectors to assess the damage. (*Id.* at ¶¶ 7–8). At some point, Defendant assigned Claim Number's 040522041572 and 040522038078 in response to Plaintiff's notice of loss. (*Id.* at ¶ 5).

Plaintiff alleges that Defendant has breached the contract by refusing to fully compensate Plaintiff for the damage to its property caused by the power surge. (*Id.* at ¶¶ 9–10, 14–15). Defendant moves to dismiss (Doc. 12), and Plaintiff responds (Doc. 19).

## LEGAL STANDARD

To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

To sufficiently plead a breach of contract claim, a plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Defendant's Motion to Dismiss argues that Plaintiff's Complaint fails to provide sufficient facts to support a breach of contract claim. (*See generally* Doc. 12). The Court agrees.

Plaintiff's Complaint suffers from major deficiencies. First, the Complaint merely alleges that the property "sustained damage . . . as a result of a power surge" without any allegations as to the nature of the damages sustained. (*See* Doc. 5 at ¶ 7). Such conclusory allegations are insufficient under Rule 8's pleading requirements. *See* Fed. R. Civ. P. 8(a); *Gandhi v. Scottsdale Ins. Co.*, No. 6:21-CV-1626-WWB-GJK, 2022 WL 19914348, at *2 (M.D. Fla. Apr. 1, 2022) (dismissing the plaintiff's complaint without prejudice for failure to specify "the nature of the damages"); *Emergency Flood Restoration Servs., Inc. v. Chubb Custom Ins. Co.*, No. 619CV1219ORL40GJK, 2019 WL 5451089, at *2 (M.D. Fla. Aug. 9, 2019) (dismissing plaintiff's complaint without prejudice for making "[c]onclusory allegations that the loss is a covered loss . . . without details regarding the circumstances of the loss," including "how the damage occurred and what damage occurred . . .").

Second, the Complaint fails to specify which provision or provisions of the Policy Defendant breached. (*See generally* Doc. 5). Instead, the Complaint

3

generally alleges that Defendant breached the Policy by failing to pay for "losses covered under the policy." (*See id.* at ¶ 14). Plaintiff argues that, because the contract is an all risks Policy that specifies only what is not covered, it is impossible to point to a provision covering damage from a power surge. (Doc. 19 at 5). Not so. At the very least, Plaintiff would be able to point to the Policy provision or provisions specifying that it is an all risks policy and listing the areas of non-coverage, thereby showing that the Policy does cover damage from a power surge. As it stands, Plaintiff's Complaint does not allege that the contract at issue is an all risks Policy, nor has Plaintiff attached the Policy to its Complaint. (*See generally* Doc. 5). Therefore, Plaintiff has not sufficiently pleaded breach of contract because it has not specified which provision of the Policy Defendant allegedly breached. *See Cruz v. Underwriters at Lloyd's London*, No. 8:14-CV-1539-T-33TBM, 2014 WL 3809179, at *2 (M.D. Fla. Aug. 1, 2014) ("It is appropriate to dismiss a breach of contract claim if it fails to state which provision of the contract was breached."); *Whitney Nat. Bank v. SDC Communities, Inc.*, No. 809CV01788EAKTBM, 2010 WL 1270264, at *3 (M.D. Fla. Apr. 1, 2010) (dismissing plaintiff's complaint without prejudice for failure to allege which provision defendant allegedly breached, resulting in a 'the-defendant-unlawfully-harmed-me accusation' that *Iqbal* warned against") (citing *Iqbal*, 556 U.S. at 678)).

    Lastly, the Court agrees with Defendant that the Complaint is unclear as to when Plaintiff's claims against the Policy were in effect and which claim is relevant to what damage to what property. (*See* Doc. 12 at 5–6; Doc. 5 at ¶ 5). Specifically,

4

the Complaint alleges that "Claim Number's 040522041572 and 040522038078 [were] in full force and effect at the time of the subject date of loss." (Doc. 5 at ¶ 5). As pleaded, these allegations are vague and confusing.

## CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 12) is **GRANTED in part** and **DENIED in part**.

2. Plaintiff's Complaint (Doc. 5) is **DISMISSED without prejudice**.

3. Plaintiff shall have leave to file an amended complaint. Should Plaintiff do so, Plaintiff must file such within fourteen (14) days from the date of this Order.

4. No additional claims may be raised in any amended complaint.

**ORDERED** in Fort Myers, Florida, on September 8, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE